## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RFA BRANDS, LLC, FKA
DISTRIBUTING CO., LLC, and      Case No. 13-14615
HOUSE OF MARLEY, LLC,      Hon. Gerald E. Rosen

     Magistrate Judge Michael Hluchaniuk

     Plaintiffs,

v.

JOHN JOSEPH BEAUVAIS,

     Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND GRANTING
## IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____February 9, 2015_____

PRESENT:  Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

In a Report and Recommendation ("R & R") issued on December 23, 2014,

Magistrate Judge Hluchaniuk has recommended (i) that the Court grant the motion for

partial summary judgment filed by Plaintiffs RFA Brands, LLC, FKA Distributing Co.,

LLC, and House of Marley, LLC, and (ii) that Defendant John Joseph Beauvais be

ordered to pay damages to Plaintiff in the amount of $20,000.00, reflecting the

disgorgement of Defendant's profits for his infringement of Plaintiffs' trademarks.  No

objections have been filed to the Magistrate Judge's R & R, and the 14-day period for

doing so has passed.  Accordingly, having reviewed the R & R, as well as the parties'
briefs in support of and in opposition to Plaintiffs' underlying motion for partial summary
judgment and the remainder of the record, the Court fully concurs in the analysis of the
Magistrate Judge, and adopts the R & R in its entirety.

Next, in the wake of the Magistrate Judge's R & R, Plaintiffs have filed a motion
for entry of judgment, requesting that the Court (i) enter a judgment in Plaintiffs' favor
and against Defendant in accordance with the recommendations in the Magistrate Judge's
R & R, (ii) award permanent injunctive relief in accordance with the terms of a stipulated
preliminary injunction entered near the outset of this litigation, and (iii) grant Plaintiffs a
period of 45 days within which they may pursue a settlement with Defendant regarding
Plaintiffs' outstanding claim of willful infringement or, in the absence of such a
settlement, they may return to the Court to seek an award of additional damages and
attorney fees arising from Defendant's alleged willful infringement.  As set forth above,
the Court agrees that the Magistrate Judge's recommendations should be adopted —
namely, that summary judgment should be granted in Plaintiffs' favor on their claims of
trademark infringement, unfair competition, and false advertising, and that Plaintiffs have
established as a matter of law their entitlement to an award of $20,000 in damages.  Yet,
as is evident from their present motion, Plaintiffs do not believe that the $20,000 award
recommended by the Magistrate Judge constitutes the entirety of the monetary relief to
which they are entitled.  Rather, they expressly acknowledge that at least one issue
remains for the Court to resolve — *i.e.,* "whether damages should be enhanced and

attorney fees awarded for willful infringement."  (Plaintiffs' Motion for Entry of Judgment at 1.)

Against this backdrop, the Court declines to enter the proposed judgment that accompanies Plaintiffs' present motion.  By Plaintiffs' own admission, this proposed judgment is unlikely to be final, as it reserves to Plaintiffs the right to return to the Court for an additional award of damages and attorney fees if they are unable to reach a settlement with Defendant regarding these matters.  Under these circumstances, the Court finds that no judgment should be entered until the Court and the parties have had the opportunity to address the outstanding issue of willful infringement.  While the Court certainly encourages the parties to discuss this issue among themselves and attempt to resolve their remaining differences amicably, Plaintiffs fail to suggest why the Court's entry of a judgment is likely to enhance the prospects for such a settlement.  Rather, the Court will instead convene a status conference at which it and the parties may address any outstanding issues, explore the possibility of settlement, and establish procedures and timelines for the resolution of any remaining claims or disputes.  The Court further instructs the parties to meet and confer in advance of this status conference in an effort to resolve their remaining differences.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's December 23, 2014 Report and Recommendation (docket #28) is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the R & R, that Plaintiffs' May 30, 2014 motion for partial summary judgment (docket #24 ) is GRANTED, and that Plaintiffs are awarded damages in the amount of $20,000.00.

Next, IT IS FURTHER ORDERED that Plaintiffs' January 27, 2015 motion for entry of judgment (docket #29) is GRANTED IN PART, to the extent that Plaintiffs request that the Court adopt the recommendations set forth in the Magistrate Judge's R & R, and is otherwise DENIED.

Finally, IT IS FURTHER ORDERED that the parties shall appear before the Court at Room 730 of the Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan, on **March 23, 2015 at 11:00 a.m.** for a status conference at which the Court and the parties will address any outstanding issues and explore the possibility of settlement.  Because settlement will be discussed at this conference, both the parties and their counsel must be present.  *See* Local Rule 16.1(c), United States District Court, Eastern District of Michigan.[1]  As stated above, the Court directs the parties to meet and

---

[1]The Court recognizes that Defendant presently is not represented by counsel.  The Court strongly urges Defendant to consider retaining an attorney to represent him in the remainder of this action, including at the forthcoming status conference.

confer in advance of this forthcoming status conference in an effort to resolve their

remaining differences.

     SO ORDERED.


                  s/Gerald E. Rosen_____
                  Chief Judge, United States District Court

Dated:  February 9, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on February 9, 2015, by electronic and/or ordinary mail.

                  s/Julie Owens_____
                  Case Manager, (313) 234-5135